IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JONATHAN F. BOOTH | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. RDB-05-1972 |
| STATE OF MARYLAND, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

MEMORANDUM OPINION

Presently pending before this Court is the Motion of the Plaintiff Jonathan F. Booth to remand this case to the Circuit Court of Maryland for Baltimore City. For the reasons set forth below, said Motion to Remand is DENIED.

I    Procedural History

The Plaintiff filed his Complaint naming the State of Maryland, Department of Public Safety and Correctional Services Division of Correction, Maryland House of Correction Annex, Jessup, Maryland and James V. Peguese, the Warden of the Maryland House of Corrections Annex Jessup as Defendants.  He alleged violations of his civil rights pursuant to 42 U.S.C. § 1983.  The Plaintiff specifically listed the parties in the Complaint as the "Defendant Department of Public Safety and Correctional Services" and the "Defendant James V. Peguese" (Comp. ¶ ¶ 4 & 5).  The State of Maryland was not listed as a party Defendant in this action.  On June 21, 2005, the Defendants Peguese and Maryland Department of Public Safety and Correctional Services ("Department") accepted service of the Complaint and summons.  (Pl.'S Mot.

To Remand fn 1; Def.'s Resp. ¶ 2.)  Four days prior, specifically June 17, 2005, to the service of process upon the named Defendants the Plaintiff forwarded a copy of the Complaint by certified mail to the Attorney General for the State of Maryland.  On July 20, 2005, the named Defendants Peguese and the Department filed a petition for removal with this Court noting the original jurisdiction of this Court over this civil rights action pursuant to 28 U.S.C. § 1331 and 1343(a)(3), and the removal of the action pursuant to 28 U.S.C. § 1441(b) and 1441(c).

On August 19, 2005, Plaintiff filed a Motion to Remand this action to the Circuit Court of Maryland for Baltimore City alleging that the removal had not been timely filed pursuant to 28 U.S.C. §1446(b).  The Plaintiff specifically contends that the 30-day time period for removal began upon the receipt of the Complaint by the Attorney General for the State of Maryland.

II	Standard of Review

Pursuant to 28 U.S.C. § 1446(b) defendants sued in state court have 30 days from the service of process in which to file a removal petition in federal court.  The statute specifically provides that the notice of removal be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief".  The Supreme Court has clearly held that a "named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  *Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.* 526 U.S. 344, 347 (1999).

III      Analysis

The precise question in this case is whether the Defendants received formal service of a copy of the Complaint before June 21, 2005. The Plaintiff contends that the service of the Complaint upon the Office of the Attorney General of Maryland constitutes service of process upon the Defendants. Quite simply, the Attorney General for the State of Maryland is providing representation to the Defendant Peguese and the Department. Neither the Attorney General for the State of Maryland, nor the State of Maryland are Defendants or parties in this Section 1983 action. Accordingly, under the principles set forth by the Supreme Court in the *Murphy Bros.* case, June 21, 2005, the date on which the named Defendants were served in this case, is the date upon which the 30-day time period proceeds.[1]

IV      Conclusion

As the named Defendants Peguese and the Department filed their notice of removal within 30 days of having formally been served by service of process of the Complaint in this case, removal was proper. Accordingly, the Plaintiff's Motion to Remand is DENIED. A separate Order will follow.

September 21, 2005

/s/
_____
Richard D. Bennett
United States District Judge

---

[1] In this Court's recent opinion in *Woodruff v. Hartford Life Group Ins. Co.*, 378 F. Supp. 2d 546 (D. Md. 2005) the same individually named defendant had earlier notice of the subject complaint. That case is distinguishable from the case at bar.